Konrad Gatien (SBN 221770)
*kg@keatsgatien.com*
Matthew E. Graham (SBN 308115)
*matt@keatsgatien.com*
KEATS GATIEN, LLP
120 S. El Camino Drive, Suite 207
Beverly Hills, California 90212
Telephone: (424) 302-0692

Attorneys for Plaintiff
JFELD, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JFELD, LLC, a Texas limited liability company,<br><br>  Plaintiff,<br><br>   v.<br><br>BLANKET LOVERS D/B/A WWW.BLANKETLOVERS.COM, a company of unknown origin, BEDDING LOVERS D/B/A WWW.BEDDINGLOVERS.COM and DOES 1-10,<br><br>  Defendants. | Case No.: 2:20-cv-08804 DSF (PLAx)<br><br>*[Assigned to the Hon. Dale S. Fischer]*<br><br>**DECLARATION OF MIKE SWINFORD IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS**<br><br>Date: May 19, 2021<br>Time: n/a<br>Place: First Street Courthouse<br>   350 West 1st Street, Ctrm 7D<br>   Los Angeles, California 90012 |

I, Mike Swinford, hereby declare and state:

I am the Co-founder and President of Bandwear.com, which assists Plaintiff, JFeld, LLC ("JFeld" or "Plaintiff") with the merchandising of its BLUE OCTOBER merchandise. I have personal knowledge of the facts and events described herein, such facts and events are true, or believed by me to be true, and, if called upon, I would testify competently thereto. I make this declaration in support of JFeld's Motion for Default Judgment Against Defendants.

1. One of my responsibilities for JFeld is to facilitate making and selling BLUE OCTOBER merchandise at live musical performances and online.

2. In or about August 2020, JFeld began selling blankets bearing the BLUE OCTOBER trademark. From August 2020 to the present, JFeld has received approximately $53,000 in revenues from its sales of such blankets. In addition, during that time, the Defendants' sales platforms were aggressively soliciting BLUE OCTOBER fans with ads for their Infringing Goods.

3. As a direct result of Defendants' acts, JFeld became aware of instances of actual customer confusion arising from Defendants' sales of the Infringing Goods.

    a. For example, on November 19, 2019, a customer posted a message on BLUE OCTOBER's official social media page, the Blue October Official Fan Group, indicating that she believed a blanket bearing the BLUE OCTOBER trademark was being sold by JFeld. Attached hereto as **Exhibit 1** is true and correct copy of that post.

    b. In addition, on February 2, 2020, a customer posted a message on BLUE OCTOBER's official social media page, the Blue October Official Fan Group, indicating that she believed a blanket bearing the BLUE OCTOBER trademark was being sold by JFeld. Attached hereto as **Exhibit 2** is true and correct copy of that post

    c. In addition, on June 13, 2020, a customer posted a message on BLUE OCTOBER's official social media page, the Blue October Official Fan

Group, indicating that she believed a blanket bearing the BLUE OCTOBER trademark was being sold by JFeld. Attached hereto as **Exhibit 3** is true and correct copy of that post.

4. These are but three of the many times JFeld's customers have provided notice that they believed the goods being offered for sale and sold by Defendants originated from JFeld, when they did not.

5. JFeld believes in good faith that it will cost approximately $10,000 to $25,000 to perform corrective advertising to dispel the customer confusion that has arisen as a result of Defendants' unauthorized sale of the Infringing Goods.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of May 2021, in Lakeway, Texas.

By: _____
Mike Swinford